### No. 2632

### Second Circuit

### HOLLINGSWORTH v. GLEISSNER

(March 14, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Injunction—Par. 93, 125.**
Under Act 304 of the Code of Practice, in case the injunction is dissolved, the judge has no discretion as to the amount of damages except that it shall not exceed 20% unless damages to a greater amount be proved.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Miss Lizzie Hollingsworth against H. P. & A. M. Gleissner.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Alpha & Fisher; Crow & Coleman, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendants, appellees.

ODOM, J. In the year 1924 or 1925, H. P. & A. M. Gleissner filed suit against Miss Lizzie Hollingsworth to recover $675.00 for rent due on an apartment house in the city of Shreveport.

Miss Hollingsworth answered that suit and coupled her answer with a reconventional demand for $9750.00 damages for the alleged violation of the rent contract.

Plaintiffs, through their attorneys, had the case set for trial, and on the day set neither Miss Hollingsworth nor her attorneys appeared.

Plaintiffs proved their case against Miss Hollingsworth, and the Court entered judgment against her for $675.00 This judgment is dated June 27, 1925.

When the judgment became final, plaintiffs attempted to execute it by having Miss Hollingsworth's property seized under a fi. fa. whereupon she brought the present suit, the purpose of which was to

have the judgment rendered against her on June 27, 1925, "annulled and set aside," on the ground that neither she nor her attorneys were notified of the setting of the case for trial, and did not know it was set and therefore did not appear and defend the action. Coupled with her action for the nullity of the judgment, she enjoined its execution.

Upon trial on the merits, the lower court rejected plaintiffs' demands at her cost and dissolved the injunction and rendered judgment against her and her surety on the injunction bond for $135.00, this being 20% of the amount of the judgment enjoined.

Miss Hollingsworth and her surety have appealed.

### OPINION.

Counsel for appellant, in their brief, say:

"We understand that since the transcript of appeal was filed in this court, the judgment, the execution of which was enjoined, in this cause, has been fully paid by the plaintiff, and it appears to us, therefore, that the only question before this court is a moot one. If the court desires for us to do so, we can procure the necessary certificate and affidavits showing the payment and cancellation of the judgment."

There is, therefore, no necessity for our passing upon the merits of the case.

But counsel state that the court erred in condemning her and her surety on the injunction bond to pay $135.00 upon the dissolution of the injunction.

Article 304 of the Code of Practice provides that—

"* * * in case the injunction be dissolved, the court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest at the rate of eight per cent per annum on the amount of the judgment, and not more than twenty per cent as damages, unless damages to a greater amount be proved * * *."

The plaintiff in this case enjoined the execution of an ordinary judgment. Defendants in injunction asked that the injunction be dissolved, and specifically prayed that the statutory penalties be assessed upon its dissolution.

The law directs the judge in such cases to assess the damages. He has no discretion except as to the amount, which, the code says, shall not exceed 20%.

The judge having exercised his discretion, as to the amount, and there being no suggestion that the amount is excessive (and we do not think it is) we shall not interfere.

The judgment appealed from is affirmed; appellant to pay all costs.